FLOYD C. GREGORY et al., Respondents, v. SAMUEL SHARAC et al., Appellants.— The appeal concerns the two defenses and counterclaims interposed in a foreclosure action. Plaintiffs' conveyance to defendants and defendants' purchase-money mortgage to plaintiffs were given, each on December 22, 1960, pursuant to contract of sale of December 15, 1960, whereby, among other things, plaintiffs agreed to execute a "guarantee * * * that any damage caused prior to August 1, 1961 by the settling of the floor of the garage shall be repaired by the sellers". The first defense and counterclaim pleads this guarantee, its breach, a consequent failure of consideration for the mortgage, and damage in the amount of $850. It is conceded that the floor did settle, that plaintiffs' contractor performed some work to correct the condition and that additional work remains to be done. Plaintiffs do not dispute the validity of the guarantee or their liability thereunder but assert that their contractor "substantially completed" the necessary repairs, that a "few repairs remained to be done" but that their liability therefor was extinguished when their contractor "agreed with the defendants to defer final completion until the following spring". In respect of this contention, the trial court found only that, "Whatever may have been the damage * * * the contractor * * * testified that * * * he had always been willing to correct the condition 'and still will'." Plaintiffs did not, in their reply, plead in defense a new agreement in substitution of the guarantee but, on the contrary, alleged full performance of the latter. Neither, so far as the record discloses, was such a theory urged upon the trial. Under

such circumstances, this ground of argument would not ordinarily be considered when advanced for the first time upon appeal; but, in any event, we find no proof in this record upon which a new and enforcible agreement upon a good consideration could be posited; and, indeed, the trial court found no such agreement, holding merely that, " On the entire record, no failure of consideration for the execution and delivery of the bond and mortgage is found." Even upon the theory of failure of consideration and upon assuming *arguendo* that the contract of guarantee did not survive the execution of the deed, bond and mortgage (but cf. *Terry* v. *Raif*, 205 Misc. 1059, and cases there cited), the record does not support the conclusion thus stated by the trial court, as plaintiffs' contractor testified to the cost of the work necessarily to be done as $53 and defendants' expert testified to a cost of $690. Incidentally, even the smaller figure is slightly in excess of the aggregate of the monthly mortgage payments in default, upon the basis of which plaintiffs elected to declare the entire principal due and to commence foreclosure. The allegations of the second defense were not sustained and were, indeed, in large part negated by the testimony of one of the defendants. Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.